## HAHN *v.* ERHARDT.

### (*Circuit Court, S. D. New York.* April 29, 1891.)

CUSTOMS DUTIES—ARTICLES COMPOSED OF AGATE AND OF TIGER EYE OR CROCIDOLITE.

Agate pen-holder handles, tiger eye or crocidolite pen-holder handles, and other agate articles and other tiger eye or crocidolite articles, that were manufactured by a process called "cutting" from crude stones at and prior to the passage of the tariff act of March 3, 1883, (22 U. S. St. 488,) known to trade and commerce of this country as agate and tiger eye or crocidolite, and as varieties of precious stones, and that were at such times, in such trade and commerce, bought and sold, respectively, under the names of agate pen-holder handles, tiger eye or crocidolite pen-holder handles, and other similar descriptive names, were not dutiable at the rate of 20 per centum *ad valorem* as "non-enumerated manufactured articles," under the provision for "all articles manufactured in whole or in part, not herein enumerated or provided for," contained in section 2513 of the aforesaid tariff act of March 3, 1883, but were dutiable at the rate of 10 per centum *ad valorem* as "precious stones," under the provision therefor contained in Schedule N of that act.

At Law.

During the year 1889 the plaintiff made nine importations from Germany into the United States at the port of New York of merchandise in-

voiced as "onyx" and "unmounted onyx." This merchandise was classified for duty as "non-enumerated manufactured articles," under the provision for "all articles manufactured in whole or in part, not herein enumerated or provided for," contained in section 2513 of the tariff act of March 3, 1883, and duty at the rate of 20 per centum *ad valorem* (the rate specified in that provision for such articles) was exacted thereon by the defendant as collector of customs at that port. Against this classification and this exaction the plaintiff duly protested, claiming that this merchandise was free of duty under the provision for "agate, unmanufactured," contained in the free list of the aforesaid tariff act of 1883, (Tariff Ind. New, par. 596;) or, if not free of duty, was dutiable at the rate of 10 per centum *ad valorem*, under the provision for "all non-dutiable crude minerals, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, not specially enumerated or provided for in this act," contained in Schedule A of that act, (Id. par. 95;) or, if neither free of duty nor dutiable under the last-mentioned provision, was dutiable at the rate of 10 per centum *ad valorem* under the provision for "precious stones of all kinds," contained in Schedule N of that act, (Id. par. 480.) The plaintiff also seasonably appealed to the secretary of the treasury, who sustained the aforesaid classification and exaction of the defendant as said collector, and thereafter duly brought this suit to recover so much of the duties exacted as should be held to be excessive under his protests. Upon the trial it appeared that the merchandise in suit consisted of various articles composed, with few exceptions, of agate, and, in case of these exceptions, of tiger eye or crocidolite. That those of agate were manufactured from crude agate, and those of tiger eye or crocidolite from crude tiger eye or crocidolite, by a process called "cutting," or, in other words, by first sawing these crude stones into pieces of the required sizes, and then grinding such pieces on sand-stones, or otherwise, and afterwards polishing the same, so ground, into the shapes of and for the uses, respectively, as pen-holder handles, glove-hook handles, shoe-hook handles, knife handles, paper weights, paper cutters, rollers for book-binders, slabs for match-boxes, and slabs for blotting-paper. That on and prior to March 3, 1883, these different articles were bought and sold in trade and commerce of this country, respectively, when made of agate, under the names of and as agate pen-holder handles, agate glove-hook handles, agate shoe-hook handles, agate knife handles, agate paper weights, agate paper cutters, agate rollers, agate match-box slabs, and agate blotter slabs; and, when made of tiger eye or crocidolite, under the names of and as tiger eye or crocidolite pen-holder handles, tiger eye or crocidolite glove-hook handles, etc. That the highest market value of these different articles was as follows: For the pen-holder handles about 15 cents each; for the glove-hook handles and the shoe-hook handles about 10 cents each; for the knife handles about 25 cents each; for the paper weights about 70 cents each; for the paper cutters about 50 cents each; for the rollers about $2 each; for the match-box slabs 15 cents each; and for the blotter slabs about $1 each. That on and prior to March 3, 1883, agate of

the description of that of which these articles were composed was also made into cameos, ring-stones, sleeve-buttons, pieces for ear-rings, and other articles used for jewelry purposes. That at such times such agate and such tiger eye or crocidolite as those of which the articles in suit were composed were known to trade and commerce of this country as precious stones. That at those times all other stones then known to such trade and commerce as precious stones were subjected to some process of "cutting," in order to adapt them to the respective uses for which they were intended. Schedule G of the act of July 30, 1846, (9 St. U. S. 42,) imposed a duty of 10 per centum *ad valorem* on "diamonds, gems, pearls, rubies, and other precious stones, and imitations thereof, when not set." Section 21 of the act of March 2, 1861, (12 St. U. S. 178,) imposed on "diamonds, cameos, mosaics, gems, pearls, rubies, and other precious stones, when not set, a duty of five per centum *ad valorem;* on the same when set in gold, silver, or other metal, or on imitations thereof, and all other jewelry, twenty-five per centum *ad valorem.*" Heyl, par. 104. Section 3 of the act of June 30, 1864, (13 St. U. S. 202,) imposed a duty of 10 per centum *ad valorem* on "diamonds, cameos, mosaics, gems, pearls, rubies, and other precious stones, when not set." Heyl, par. 367. Section 5 of the act of June 6, 1872, (17 St. U. S. 230,) exempted from duty "agates, unmanufactured." Heyl, par. 741. Schedule M of section 2504 of the United States Revised Statutes reads as follows:

"*Precious stones and jewelry.* Diamonds, cameos, mosaics, gems, pearls, rubies, and other precious stones, when not set, ten per centum *ad valorem;* when set in gold, silver, or other metal, or on imitations thereof, and all other jewelry, twenty-five per centum *ad valorem.*" Heyl, par. 1396.

Section 2505 of the United States Revised Statutes exempted from duty "agates, unmanufactured." Heyl, par. 1457. Schedule N of the act of March 3, 1883, (22 St. U. S. 488,) imposed a duty of 10 per centum *ad valorem* on "precious stones of all kinds." Tariff Ind. (New,) par. 480. Section 2503 of the act of March 3, 1883, exempted from duty "agates, unmanufactured." Tariff Ind. (New,) par. 596. Schedule N of the act of October 1, 1890, (paragraphs 452–454,) reads as follows:

"*Jewelry.* All articles not elsewhere specially provided for in this act, composed of precious stones or imitations thereof, whether set with coral, jet, or pearls, or with diamonds, rubies, cameos, or other precious stones, or imitations thereof, or otherwise, and which shall be known commercially as 'jewelry,' and cameos in frames, fifty per centum *ad valorem.* * * * Pearls ten per centum. * * * Precious stones of all kinds, cut but not set, ten per centum *ad valorem.* If set, and not specially provided for in this act, twenty-five per centum *ad valorem.*"

Section 2 of the act of 1890 exempts from duty "diamonds and other precious stones, rough or uncut, including glaziers' and engravers' diamonds not set," (paragraph 557;) and also "agates, unmanufactured," (paragraph 476.)

Both sides having rested, the defendant's counsel moved the court to direct the jury to find a verdict for the defendant, on the ground that

the plaintiff had not proven facts sufficient to entitle him to recover, and the plaintiff's counsel moved the court to direct the jury to find a verdict in favor of the plaintiff for the amount, with interest, of so much of the aforesaid duties as was exacted in excess of 10 per centum *ad valorem*, on the ground that the articles in suit were "precious stones."

*Comstock & Brown*, for plaintiff.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (*orally*.) These articles would, in ordinary speech, it seems to me, be clearly included within the broad meaning of the term "precious stones." What testimony there is here as to how the trade regards them also shows that in trade and commerce in this country they are considered "precious stones." As to any particular meaning which congress in the past may have given to the phrase "precious stones," and as to the distinction suggested in the argument for the defendant of a variety known as semi-precious stones, it is sufficient to say that, for the elaborate and somewhat involved phraseology which congress has from time to time used in the past when laying duty on articles of this class, there has been substituted the comprehensive phrase "precious stones of all kinds," just as in the same tariff act, for the somewhat elaborate and more or less involved description of different varieties of jewelry, there was substituted the phrase "jewelry of all kinds." Heretofore this court has held (in *Robbins* v. *Robertson*, 33 Fed. Rep. 709) that the words "jewelry of all kinds" in the act of 1883 were sufficiently broad to cover imitation jewelry, as well as real jewelry. I am led to make the same disposition of this case, and to hold that the phrase "precious stones of all kinds," when used in this act of 1883, is broad enough to cover stones which may sometimes be called "semi-precious stones," and which are of the class which, in the broad use of the term "precious stones," is by the community at large regarded as comprised in that family. I shall therefore direct a verdict in favor of the plaintiff.